**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Beverly N. Burrell,<br><br>Petitioner,<br><br>v.<br><br>Kathy Halvorson,<br><br>Respondent. | Civil No. 26-02739 (LMP/ECW)<br><br><br><br>**REPORT AND RECOMMENDATION** |

---

This matter is before the Court on Petitioner Beverly N. Burrell's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1), as supplemented by a memorandum of law (Dkt. 7)—together, the "Petition." For the following reasons, the Court recommends denying the Petition and dismissing this action.

Burrell, a Minnesota prisoner, challenges four judgments from various Minnesota state courts. (*See* Dkt. 1 at 1-2; Dkt. 10 at 2.) She claims that the joinder of various prosecutions and the "stacking" of her sentences violated due process; that her counsel was ineffective for failing to object to an "open-end plea agreement"; and that her consecutive sentences rest on judicial factfinding, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). (*See* Dkt. 1 at 2-3; Dkt. 7 at 1-2.)

On August 5, 2026, the Court ordered Burrell to show cause within 28 days why it should not recommend dismissing this action as untimely or as unexhausted or procedurally defaulted. (*See* Dkt. 10 at 7.) The Order warned that if Burrell did not

respond, the Court would recommend dismissal. (*See id.*) Burrell's response was due on September 2, 2026, but she has not responded or sought an extension. (*See* Docket.) Having given her fair notice and an opportunity to respond, the Court may resolve these issues *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *King v. Kemma*, 266 F.3d 816, 822 (8th Cir. 2001) (en banc).

The Court need address only timeliness, and assumes familiarity with its discussion of that issue in the August order. Because no later trigger date applies, each judgment's 1-year limitations period began when the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Burrell's 2017 Hennepin County judgments became final in April 2019 (90 days after the Minnesota Supreme Court denied review). Her Sherburne County judgment became final no later than 2019 (when Burrell voluntarily dismissed her appeal). And her 2019 Hennepin County judgment, which she did not appeal, became final when the 90-day appeal period expired. *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a). Each limitations period thus expired no later than 2020, more than five years before Burrell filed the present Petition on May 18, 2026. (*See generally* Dkt. 10 at 3-6.)

Burrell's March 2022 postconviction petition related to the 2017 Hennepin County judgments (*see id.* at 3) could not toll a limitations period that had already expired. *See, e.g.,* 28 U.S.C. § 2244(d)(2); *Jackson v. Ault*, 452 F.3d 734, 735–36 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."). Nor has Burrell shown diligence and the sort of extraordinary circumstance that might warrant equitable tolling. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649

(2010). She also has not claimed "actual innocence." *See, e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Petition is therefore untimely.

A § 2254 petitioner needs a certificate of appealability ("COA") to appeal an adverse ruling. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A district court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed for procedural reasons, a COA is proper only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable court, including the U.S. Court of Appeals for the Eighth Circuit, would disagree with the recommended dismissal. The Court therefore recommends denying a COA.

**RECOMMENDATION**

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Beverly N. Burrell's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1), as supplemented (Dkt. 7), be **DENIED** as untimely under 28 U.S.C. § 2244(d)(1);

2. This action be **DISMISSED**; and

3. No certificate of appealability issue.

Dated: September 28, 2026

s/ *Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).